UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-0906 JGB (SPx)** | Date | May 15, 2014 |
|---|---|---|---|
| Title | *Travelers Indemnity Company of Connecticut v. Centex Homes, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause re: Subject Matter Jurisdiction

On May 6, 2014, Plaintiff Travelers Indemnity Company of Connecticut filed a Complaint against Defendants Centex Homes, a general partnership, and Centex Real Estate Corporation. (Compl., Doc. No. 1.) Plaintiff alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 5.)

Federal courts have a duty to examine their jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). Under Section 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The Complaint states that Plaintiff is a corporation existing under the laws of Connecticut with its principal place of business in the same state. (Compl. ¶ 1.) Plaintiff also alleges that Defendant Centex Homes, a general partnership, exists under the laws of Nevada and has its principal place of business in Texas. (Compl. ¶ 2.) However, the citizenship of an unincorporated association such as a partnership is determined by the citizenships of all of its members. See Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, if any member of Centex Homes is a Connecticut resident, complete diversity does not exist. The Complaint does not disclose the citizenship of Centex Homes' members, and the Court therefore has insufficient information to determine whether it has subject matter jurisdiction over the action.

       The Court ORDERS Plaintiff to show cause in writing no later than **May 27, 2014** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall demonstrate that none of Centex Homes' members are citizens of Connecticut. Failure to comply with this order may lead to dismissal of the action.

       **IT IS SO ORDERED.**